# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

              Plaintiff,      Case No. 14-20425

v.                               Judith E. Levy
                               United States District Judge

Jesus Rodriguez,

                               Mag. Judge David R. Grand

              Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [491]

This case is before the Court on Defendant Jesus Rodriguez's October 7, 2020[1] request for information about compassionate release, which the Court interprets as a motion for compassionate release pursuant to 18 U.S.C § 3582(c)(1)(A). (ECF No. 491.)

Defendant indicates that he does not have a "health issue," but that his father has recently passed away from cancer. (ECF No. 491, PageID.2713.) Defendant also indicates that his mother suffers from hypertension and a "hole in her heart." (*Id.* at PageID.2714.) Defendant

---

[1] Docketed on October 29, 2020.

asks what he "ha[s] to do to get a compassionate release and also get it granted so I can get home to my family." (*Id.*)

The Court extends its deepest sympathies to Defendant for his loss. Defendant's motion is denied without prejudice for the two reasons below, but Defendant is free to file a renewed compassionate release motion should he follow the proper procedure and provide justifications for compassionate release.

First, Defendant's motion did not indicate whether he had applied for compassionate release from the Bureau of Prisons (BOP), and if so, whether 30 days had elapsed since the request or whether he had been denied and then exhausted his administrative appeals. The Court may not consider compassionate release motions unless Defendant first meets one of these two statutory conditions. *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *5 (6th Cir. June 2, 2020).

Second, Defendant has not provided the Court with sufficient information to evaluate his motion. The compassionate release statute allows the Court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines define

"extraordinary and compelling reasons" as "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A). Alternatively, "extraordinary and compelling reasons" can also encompass "family circumstances," defined as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* at n.1(C). Finally, "extraordinary and compelling reasons" can also consist of "other reasons" clearly explained by the defendant. *Id.* at n.1(D). Because Defendant's motion does not explain why his circumstances entitle him to compassionate release under any of these categories, the Court has insufficient information to evaluate his motion.

Accordingly, Defendant's motion is DENIED WITHOUT PREJUDICE. Defendant may renew his motion after following the administrative procedures as described above and should extraordinary and compelling reasons arise.

IT IS SO ORDERED.

Dated: November 2, 2020　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2020.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager